U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOGAN DAVIS
    Plaintiff,   CASE NO. :
v.   HON.

PO JEREMY WALLEMAN,
in his individual and official capacities,
CITY OF STERLING HEIGHTS, a municipality
Jointly and Severally,

_____/

DAVID A. ROBINSON (P38754)
BRANDON MCNEAL (P81300)
ROBINSON & ASSOCIATES, P.C.
Attorneys for Plaintiff
28145 Greenfield Rd., Suite 100
Southfield, MI 48076
(248) 423-7234
davidrobinsonlaw@gmail.com
mcnealbr@gmail.com

THOMAS E. KUHN (P37924)
Co-Counsel for Plaintiff
645 Griswold Street, Ste. 1900
Sterling Heights, MI 48226
313.963.5222; fax 313.963.9061
tekuhn@aol.com
_____/

# COMPLAINT and JURY DEMAND

**NOW COMES** Plaintiff, by and through his attorneys, and for his Complaint against the Defendants states as follows:

## PARTIES

1. At all pertinent times, Plaintiff was a resident of Macomb County, and a citizen of the State of Michigan.

2. PO Jeremy Walleman [hereafter Individual Defendant] was a citizen of the State of Michigan, and at all pertinent times worked and were employed by the City of Sterling Heights in Macomb County.

3. Defendant City of Sterling Heights is a municipal corporation located in Macomb County, Michigan and operates subject to the laws and constitutions of both the State of Michigan and the United States of America.

## JURISDICTION, AND VENUE

4. Individual Defendant was at all pertinent times employed as a police officer and was at all pertinent times, acting pursuant under color of state law and pursuant to customs, policies, and practices of Defendant City of Sterling Heights.

5. Plaintiff brings this action under the laws of the State of Michigan, the United States Constitution, and 42 U.S.C. §1983.

6. Venue is appropriate because the events giving rise to this action occurred entirely in Macomb County, Michigan.

7. The amount in controversy exceeds in this action exceeds Seventy-Five Thousand Dollars ($75,000) and is otherwise within this Court's subject matter jurisdiction.

## FACTUAL ALLEGATIONS

8. On or about April 25, 2019, Plaintiff was working at Firehouse Subs located at 36696 Van Dyke Avenue, Sterling Heights, MI 48312.

9. After the completion of his shift, Plaintiff was standing outside in his work uniform awaiting a ride home.

10. At that time, Individual Defendant recognizing Plaintiff as an African-American conducted an unlawful stop of Plaintiff and began questioning Plaintiff.

11. Plaintiff identified himself by name, informed Individual Defendant that he just finished his shift at Firehouse Subs, displayed his work uniform, and advised that he was awaiting a ride home.

12. Individual Defendant insisted that Plaintiff must provide his identification and Plaintiff refused.

13. Individual Defendant subsequently placed Plaintiff under arrest, slammed Plaintiff to the ground, placed Plaintiff in a chokehold, and placed his forearm and elbow on Plaintiff's throat, all of which constituted illegal and excessive force and was based on Plaintiff's race.

14. Individual Defendant subsequently wrote false police reports/citations and wrongfully arrested Plaintiff based on Plaintiff's race.

15. The false reports, citations, arrest, and excessive force were retaliation for Plaintiff's exercise of his clearly established 1st Amendment Constitutional rights in violation of his clearly established 1st and 14th Amendment rights, and based upon his race.

16. Based upon the fabricated and false information, Individual Defendant brought false charges against Plaintiff.

17. Plaintiff's Constitutional rights not to be wrongfully seized, arrested, imprisoned, retaliated against, maliciously prosecuted, and subjected to excessive force were clearly established.

18. Individual Defendant acted in bad faith in stopping, seizing, imprisoning, arresting, prosecuting, and exerting excessive force upon Plaintiff based upon his race.

19. No reasonable suspicion existed for further investigation, including requests for Plaintiff's ID, once Plaintiff had given his name, had explained that he just finished work at the Firehouse Subs immediately adjacent, that he showed his Firehouse Subs work uniform and that he was waiting for his father to pick him up.

20. Except for the improper conduct, false information, and the fabrication of evidence by Individual Defendant, no probable cause existed to charge Plaintiff with anything.

21. The conduct of the City of Sterling Heights:

    a. Established or condoned customs, policies and/or practices pursuant to which Individual Defendant violated Plaintiff's well-established Constitutional rights;

    b. Failed to properly train, discipline and/or supervise Individual Defendant or his supervisors such that they violated Plaintiff's well-established Constitutional rights;

    c. Denied Plaintiff fair treatment during the investigation;

    d. Denied Plaintiff fair and equal treatment, not based upon race; and,

    e. Ratified, condoned, and/or permitted the conduct of Individual Defendant;

22. The conduct of the Individual Defendant:

    a. Retaliated against Plaintiff for exercise of his 1st Amendment rights;

    b. Fabricated evidence to create probable cause against Plaintiff in violation of his 4th Amendment rights;

    c. Exerted unnecessary and excessive force against Plaintiff;

    d. Treated Plaintiff unequally because of his race in violation of the Equal Protection Clause, the 14th Amendment and the Elliot-Larsen Civil Rights Act;

    e. Wrongfully investigated Plaintiff after he fully explained his presence just outside his place of employment;

  f. Wrongfully handcuffed and arrested Plaintiff in violation of his 4th Amendment rights;

  g. Caused and maintained a false arrest and false imprisonment;

  h. Was grossly negligent, and made Plaintiff's condition worse after taking him into his custody and control;

  i. Intentionally caused serious emotional distress;

23. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages including, but not limited to:

  a. Economic damages, past and future;

  b. Pain and suffering, physical injury;

  c. Loss of society and companionship;

  d. Fear, anxiety, humiliation, and shame;

  e. Serious emotional distress; and

  f. Cost of past and future medical.

### COUNT I
### 42 U.S.C. 1983 & 1985 AGAINST INDIVIDUAL DEFENDANT

24. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

25. The Individual Defendant's actions were done in his individual capacities, and under color of state law.

26. The Individual Defendant's actions violated clearly established rights of the Plaintiff including, but not limited to:

a. The right to be free from retaliation for protected speech (1st and 14th Amendment);

b. The right to be free from wrongful investigation, arrest and wrongful imprisonment, and use of excessive force (4th and 14th Amendment);

c. The right to be free from malicious prosecution (4th and 14th Amendment); and,

d. The right to be free from unequal treatment due to race in violation of the Equal Protection Clause, the 14th Amendment and the Elliott-Larsen Civil Rights Act.

27. As a direct and proximate result of the Individual Defendant's actions, Plaintiff suffered injury and damages including, but not limited to those set forth in paragraph 23.

**WHEREFORE**, Plaintiff claims judgment against Individual Defendant in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT
## CITY OF STERLING HEIGHTS UNDER 42 USC 1983

28. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

29. At all times herein, Defendant City of Sterling Heights with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated

individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

    a.    Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to retaliating for exercise of protected 1st Amendment rights and with regard to the appropriate and necessary bases for investigations, use of force, arrests and prosecution;

    b.    Hiring and/or retaining as law enforcement officers, supervisors, and certain persons whom the Defendant City of Sterling Heights knew or had actual notice of retaliating for exercise of protected 1st Amendment rights, using excessive force, arresting without probable cause, investigating without reasonable suspicion and prosecuting individuals without probable cause;

    c.    Failing to intervene when it knew of retaliation, improper excessive force, wrongful arrest, wrongful investigation and continuation of prosecution of individuals without probable cause;

    d.    Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing retaliation, arrest without probable cause, wrongful investigation, improper use of force, and prosecution of individuals without probable cause;

    e.    Routinely concealing, covering up, and hiding evidence of wrongdoing by law enforcement officers employed by the Defendant City of Sterling Heights;

30.    Each of the customs, policies, or practices was known to Defendant City of Sterling Heights as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to continued prosecution without probable cause, and each was a moving force in the violations of the Plaintiff's United States constitutional rights, as set forth herein.

31.     As a direct and proximate result of Defendant City of Sterling Heights' actions, Plaintiff suffered injury and damages including those set forth in paragraph 23.

**WHEREFORE**, Plaintiff claims judgment against Defendant City of Sterling Heights in the amount more than Seventy-Five Thousand Dollars ($75,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT III
## LIABILITY UNDER STATE LAW AGAINST INDIVIDUAL DEFENDANT

32.     Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

33.     Individual Defendant was at all times relevant hereto performing ministerial-operational duties which did not involve significant decision-making, personal deliberation or judgment.

34.     The minor decision making involved in Individual Defendant's actions at all times relevant hereto were merely incidental to the execution of said Individual Defendant's ministerial-operational duties.

35.     At all times relevant hereto, Plaintiff had the right under statutes, common law, rules, regulations and/or ordinances of the State of Michigan, to be free from the reckless, knowingly and/or intentionally tortious, willful, wanton, reckless

and/or grossly negligent execution of ministerial-operational duties contrary to Michigan law and United States Constitution, by Individual Defendant.

36. At all times relevant hereto, Individual Defendant failed, notwithstanding his standard duty of due care to execute his said ministerial-operational duties in good faith, without negligence, recklessness, willfulness, wantonness, gross negligence and/or knowingly and/or intentional tortuous conduct, in a manner consistent with Michigan law, as follows, but not limited hereto:

> a. To act in good faith, while investigating without reasonable suspicion, and while arresting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;
>
> b. To act in good faith, while prosecuting Plaintiff based on knowingly, recklessly and/or grossly negligently false information;
>
> c. To act in good faith, while arresting Plaintiff and exerting excessive force upon Plaintiff;
>
> d. To comply with all applicable statutes, laws, rules, regulations and/or ordinances, including but not limited to the Michigan laws.

37. Notwithstanding these duties, Individual Defendant, knowingly and intentionally while acting under color of law, violated, breached and/or failed to fulfill their ministerial duties to Plaintiff in a manner violative of Michigan law, Federal law and the United States Constitution, by acting in bad faith and engaging in <u>ultra vires</u> conduct.

38. Notwithstanding these duties, Individual Defendant knowingly failed to fulfill his ministerial duties while on duty and acting during his employment and/or authority, under color of law and pursuant to customs, policies and/or practices, wrongfully exerted excessive force upon Plaintiff, falsely arrested, imprisoned and prosecuted Plaintiff, in bad faith.

39. Notwithstanding these duties Individual Defendant deliberately, recklessly, willfully, wantonly, knowingly and/or intentionally violated, breached and failed to fulfill their ministerial duties to Plaintiff, in bad faith, and in violation of the Michigan laws, including, but not limited to, the following:

> a. By wrongfully investigating, arresting, imprisoning, and prosecuting Plaintiff without reasonable suspicion or probable cause, based on knowingly, recklessly and/or grossly negligently false information provided by Individual Defendant.
>
> b. By exerting excessive force when arresting Plaintiff, based on knowingly recklessly and/or grossly negligently false information provided by Individual Defendant.
>
> c. By treating Plaintiff unequally because of his race, in violation of the Equal Protection Clause, the 14th Amendment and the Elliott-Larsen Civil Rights Act.

40. As a direct and a proximate result of Individual Defendant's aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, in bad faith and violation of the Michigan laws, Plaintiff was injured.

41. As a direct and a proximate result of Individual Defendant's aforesaid reckless, willful, wanton, and knowingly and intentionally tortious violations of the aforesaid ministerial duties, all done in bad faith, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including physical and mental pain, mental anguish, severe emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, medical complications and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, and any other damages listed in paragraph 23.

## COUNT IV
## GROSS NEGLIGENCE  UNDER STATE LAW

42. Individual Defendant owed Plaintiff a duty of care, including but not limited to a:

   a. Duty to provide protection for Plaintiff when he was in a helpless condition;

   b. Duty not to make Plaintiff's condition worse after taking him into his custody and control;

   c. Duty to properly assure the safety of Plaintiff when he was in his care;

   d. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person and failed and, his failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A;

42. The actions of the Individual Defendant wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

43. The Individual Defendant's actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

44. The Individual Defendant's actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

45. Under MCL 691.1407, citizens may maintain an action in tort against police Defendants whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

46. As a direct and proximate result of the Individual Defendant's actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 23.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendant in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT V
## FALSE ARREST AND FALSE IMPRISONMENT AGAINST INDIVIDUAL DEFENDANT

47. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

48. Individual Defendant caused and/or effected the wrongful seizure, arrest and imprisonment of Plaintiff without probable cause.

49. In full view of members of the community, Individual Defendant placed Plaintiff in the backseat of a police vehicle and verbally accused Plaintiff of the commission of crimes.

50. Individual Defendant physically restrained Plaintiff and deprived him of his personal liberty and freedom of movement for a significant period of time.

51. Plaintiff was conscious of his confinement at all times relevant hereto.

52. The imprisonment, arrest and restraint were against Plaintiff's will.

53. Individual Defendant accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

54. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

55. As a direct and proximate result of the Individual Defendant's actions, Plaintiff suffered injury and damages including those set forth in paragraph 23.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendant in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL DEFENDANT

56. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

57. At all times relevant the Individual Defendant notwithstanding his standard duty of due care, owed to Plaintiff the following duties, among others:

   a. To refrain from inflicting negligent, grossly negligent, bad faith, and/or intentional emotional distress on Plaintiff;

   b. To refrain from subjecting Plaintiff to unsubstantiated and false statements meant to create probable cause in bad faith;

   c. To refrain from subjecting Plaintiff to emotional distress through wrongful investigation, seizure, improper use of force, and prosecution;

   d. To refrain from treating Plaintiff in an extremely and outrageously abusive manner

58. The Individual Defendant negligently, grossly negligently, willfully, wantonly, knowingly and/or intentionally breached and continue to breach one or more of said duties by, among other things:

   a. Negligently, grossly negligently and/or intentionally, in bad faith, inflicting emotional distress upon Plaintiff, by wrongfully investigating, arresting, wrongfully seizing, wrongfully prosecuting, wrongfully retaliating against protected speech, or wrongfully creating false statements against Plaintiff;

   b. Negligently, grossly negligently, and/or intentionally, in bad faith, subjecting Plaintiff to wrongful investigation, unlawful arrest and detention and malicious prosecution;

   c. Negligently, grossly negligently and/or intentionally, in bad faith, subjecting Plaintiff to injury through the use of excessive force;

   d. Negligently, grossly negligently, and/or intentionally, in bad faith, treating Plaintiff in an extremely and outrageously abusive manner.

59. As a direct and a proximate result of said negligent, grossly negligent, reckless, willful, wanton, knowing and/or intentional misconduct, all done in bad faith, by the Individual Defendant, Plaintiff suffered and continues to suffer serious and permanent personal injuries, including, physical and mental pain, mental anguish, emotional distress, shock, fright, humiliation, degradation, embarrassment, loss of enjoyment of life, and a lesser leaning, liking and ability towards previous home, family, social, recreational and personal activities, all past, present and future, as well as any other damage listed in paragraph 23.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendant in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

## COUNT VII
## VIOLATION OF THE ELLIOT LARSEN CIVIL RIGHTS ACT AGAINST ALL DEFENDANTS

60. Plaintiff hereby re-alleges and incorporates herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

61. Under the Michigan Elliot-Larsen Civil Rights Act, Defendants are precluded from denying Plaintiff the full and equal enjoyment of the "goods, services, facilities, privileges, advantages, or accommodations of a public service" on account of Plaintiff's race, color, or national origin..

62. As a result of the above described actions and conduct, Plaintiff was denied full and equal public services because of his race, color and national origin in direct violation of the Michigan Civil Rights Act.

63. As a result of the above actions and conduct, Plaintiff was subjected to excessive force, harassment, profiling, false arrest, and false imprisonment based upon his race, color and national origin as defined under the Michigan Civil Rights Act, to the point where said actions and conduct substantially interfered with

Plaintiff's public accommodations and public services, thereby creating an intimidating, hostile, and/or offensive public accommodations and public services environment, in direct violation of the Michigan Civil Rights Act.

64. That as a direct and proximate result of the Defendants' actions, Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 23.

**WHEREFORE**, the Plaintiff claims judgment against Individual Officers in the amount in excess of Seventy-Five Thousand Dollars ($75,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

### JURY DEMAND

**NOW COMES** the Plaintiff and demands trial of his cause by jury.

> Respectfully submitted,
>
> /s/ David A. Robinson_____
> DAVID A. ROBINSON (P38754)
> THOMAS E. KUHN (P37924)
> BRANDON MCNEAL (P81300)
> Attorneys for Plaintiff

Dated: June 8, 2020